Robert H. **NORTHINGTON**, Trustee and the First National Bank of Midland, Texas, Plaintiffs-Appellants,

v.

The **UNITED STATES** of America et al., Defendants-Appellees.

No. 72-2702.

United States Court of Appeals, Fifth Circuit.

March 26, 1973.

---

Reagan H. Legg, Midland, Tex., for Northington.

Wm. Monroe Kerr, Midland, Tex., for First Nat'l Bank.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Gary R. Allen, Park T. Zimmerman, Gray Allen, Attys., Tax Div., Dept. of Justice, Washington, D. C., William S. Sessions, U. S. Atty., San Antonio, Tex., for defendants-appellees.

Before BELL and THORNBERRY, Circuit Judges, and GROOMS, District Judge.

BELL, Circuit Judge:

Section 6324(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6324(a)(1), imposes a pre-assessment tax lien on the gross estate of any decedent whose property is subject to estate tax. The lien attaches at death. This appeal presents questions concerning the circumstances in which property, otherwise subject to the lien of § 6324(a)(1), may be divested of the lien prior to the assessment and payment of estate tax.

The decedent died testate on October 31, 1964. His will was admitted to probate in Midland County, Texas, and letters testamentary were issued to his son, who was named in the will as the independent executor of the estate, pursuant to § 145 of the Texas Probate Code. 17A Vernon's Texas Civil Stat.Ann. § 145.

Under the Texas system of independent administration an executor may proceed with the administration of an estate, without seeking court approval of specific dispositions, once the will has been probated and the inventory, appraisement, and list of claims of the estate have been approved by the court. 17A Vernon's Texas Civil Stat.Ann. § 145. In the present case the executor proceeded in this fashion. On August 24, 1965, he sold, to himself, a building which was formerly owned by his father and now was in his father's gross estate. The sale price was $50,000.00. To finance the purchase, he borrowed $50,000.00 from the First Savings and Loan Association of Midland. This loan was secured by his personal note and by a deed of trust. As executor, he received a net consideration from the closing agent of $49,100.92 and this was deposited in the bank account of the decedent's estate on August 26, 1965.

The executor filed a federal estate tax return on January 24, 1966. The return reflected a tax liability of $392,347.81. The executor elected to discharge this liability in ten annual installments pursuant to § 6166 of the Code. After receiving partial payment, the Service as-

sessed a small deficiency on May 19, 1967. Additional partial payments followed. At the time this action was brought, $205,445.48 remained unpaid, and payment was due.

On July 16, 1971, the son conveyed the property which he had purchased from the estate to Robert H. Northington, trustee. The consideration given by Northington was, in part, the assumption by him of the note and deed of trust which the son had given to the First Savings and Loan Association. The note and deed of trust were then renewed and purchased by the First National Bank of Midland.

At that point the Service took steps to insure the payment of the unpaid tax. On September 21, 1971, a revenue officer served Northington with notice of a levy on the property which Northington, as stated, had purchased from the son. Northington and the First National Bank of Midland then brought this action to enjoin the levy.

Because the property did not belong to the estate at the time the estate tax return was filed, the government could not rely with assurance on the general tax lien that attached against property in the estate at the time the executor failed to pay the tax, after it was assessed and due. See 26 U.S.C.A. § 6321. Thus the suit to enjoin the levy presented the question: Was the contested property subject to the special estate tax lien, which under § 6324(a)(1) attached to all property in the gross estate at the time of the decedent's death? The district court held that the special estate tax lien did attach to the property levied upon here; that the property has not been divested of the lien; and that the lien continues in force. We agree.

The appellants contend that the lien has been divested by operation of law.

They rely on the express language of § 6324(a)(1):

> Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, *except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.* (Emphasis added)

The appellants argue that their property was divested of the lien because it was used by the executor for the payment of "charges against the estate", within the meaning of § 6324(a)(1).

We must reject this argument. The district court held that the property had not been divested of the lien because it found that the proceeds of the sale of the property were not used to discharge any obligation of the estate. We cannot say, on our reading of the record, that this finding was clearly erroneous.[1]

The proceeds of the sale were paid to an account maintained for the benefit of the estate. Two days later the executor drew a check upon that account in the amount of $50,000.00. This amount was equivalent to the amount of the proceeds of the sale. The check was paid to the Jones Exploration Company, an individual proprietorship operated by the executor, but formerly a partnership operated by decedent and his son, the executor.

The estate was under no net obligation to the Jones Exploration Company, and the payment to the Company was not itself in satisfaction of an obligation of the estate. The fact was that the estate was indebted to Jones Explo-

---

1. Because we decide the case on this ground, we find it unnecessary to determine (1) whether the obligations which were allegedly satisfied by the proceeds of the sale were in themselves "charges against the estate" within the meaning of § 6324 (a)(1), or (2) whether the obligations which were allegedly satisfied by the proceeds of the sale were, in the context of the Texas system of independent administration, "allowed by any court having jurisdiction thereof" within the meaning of § 6324(a)(1).

ration Company but, on the other hand, Jones Exploration owed a larger amount to the estate. But the appellants contend, nevertheless, that the company was simply a conduit through which other debts and obligations of the estate were ultimately discharged. They contend that all of the $50,000.00 was in fact used by the company for that purpose. This may well have been true but the record does not so reflect. The showing they made in this regard in the district court fell short of the careful tracing which is necessary to persuade a court that the proceeds of a sale of estate property were actually used to satisfy the obligations of an estate. Cf. United States v. Security-First National Bank, 30 F.Supp. 113 (S.D.Cal., 1939), appeal dismissed, 113 F.2d 491 (9th Cir., 1940). The sole justification for divestment of a tax lien under § 6324(a)(1) is the purpose for which the divested property is used; namely, the payment of the charges against the estate and the expenses of administration. The appellants have not shown that this justification is present in this case.

Affirmed.